# LOCKE LORD BISSELL & LIDDELL LLP

ATTORNEYS & COUNSELORS

2200 Ross Avenue
Suite 2200
Dallas, Texas 75201

ATLANTA • AUSTIN • CHICAGO • DALLAS • HOUSTON • LONDON
LOS ANGELES • NEW ORLEANS • NEW YORK • SACRAMENTO
WASHINGTON, D.C.

Phone: (214) 740-8000
Fax: (214) 740-8800
www.lockelord.com

Direct: 214-740-8500
edeyoung@lockelord.com

October 24, 2007

**Via Federal Express**

Jeffery N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002-8004

Re:    *In re LPL and Phoenix Licensing Patents Litigation* – New MDL Proceeding

Dear Mr. Lüthi:

Enclosed are an original and five copies of the following:

1.    Citi Parties' Motion to Consolidate and Transfer Under 28 U.S.C. § 1407;

2.    Citi Parties' Brief in Support of Their Motion to Consolidate and Transfer
       Under 28 U.S.C. § 1407;

3.    Schedule of Actions; and

4.    Proof of Service.

Please file the above with the MDL Panel and return the extra file-stamped copy to me in the
enclosed, self-addressed return envelope.

Pursuant to JPML Rule 5.13(b), I am also enclosing a disk containing PDFs of the above-
referenced documents, as well as a courtesy copy of the Complaints and PACER docket sheets
from the affected actions. If you need anything further, please let me know.

Sincerely,

Edwin R. De Young

Edwin R. DeYoung
For the Firm

ERD:sh
Enclosures

Jeffery N. Lüthi
Clerk of the Panel
October 24, 2007
Page 2

cc:     **Via First Class Mail (w/enclosures)**

Clerk, District of Arizona (Phoenix)
Sandra Day O'Connor US Courthouse
401 W. Washington Street, Suite 130, SPC 1
Phoenix, AZ  85003-2118

Clerk, District of Delaware (Wilmington)
844 N. King Street, LB 18
Wilmington, DE  19801

Clerk, Northern District of Illinois (Chicago)
Everett McKinley Dirksen Building
219 S. Dearborn Street
Chicago, IL  60604

Clerk, Eastern District of Texas (Marshall)
100 E. Houston Street, Room 125
Marshall, TX  75670

Hon. Chad Everingham
100 E. Houston Street
Judge Everingham's Chambers
Marshall, TX  75670

R. William Beard, Jr., Esq.
Baker & Botts LLP
98 San Jacinto Blvd, Suite 1500
Austin, TX  78701-4078

Ray Kendall Harris, Esq.
Fennemore Craig PC
3003 N. Central Ave., Suite 2600
Phoenix, AZ  85012-2913

Gregory Scott Dovel, Esq.
Sean Aaron Luner, Esq.
Dovel & Luner
201 Santa Monica Blvd, Suite 600
Santa Monica, CA  90401

Jeffery N. Lüthi
Clerk of the Panel
October 24, 2007
Page 3

Mark M. Deatherage, Esq.
Gallagher & Kennedy PA
2575 E. Camelback Rd., Suite 1100
Phoenix, AZ 85016-9225

LPL Licensing, L.L.C.
10947 East Lillian Lane
Scottsdale, AZ 85255

Phoenix Licensing, L.L.C.
10947 East Lillian Lane
Scottsdale, AZ 85255

Brett L. Dunkelman, Esq.
Osborn Maledon PA
P.O. Box 36379
Phoenix, AZ 85012-6379

Jose J. Patino, Esq.
Morrison & Foerster LLP
12531 High Bluff Dr., Suite 1200
San Diego, CA 92130-2040

Maureen Beyers, Esq.
Osborn Maledon PA
2929 N. Central Ave
Phoenix, AZ 85012-2794

Rachel Krevans, Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482

Rodger Dallery Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899

Jeffery N. Lüthi
Clerk of the Panel
October 24, 2007
Page 4

Donald Joseph Mizerk, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601-9703

Elizabeth L. DeRieux, Esq.
Sidney Calvin Capshaw, III, Esq.
Brown McCarroll
1127 Judson Rd., Suite 220
P.O. Box 3999
Longview, TX  75606-3999

Chase Manhattan Mortgage Corporation
c/o Registered Agent
CT Corporation System
350 N. St. Paul St.
Dallas, TX  75201

JP Morgan Chase Bank, N.A.
c/o Registered Agent
CT Corporation System
350 North St. Paul St.
Dallas, TX 75201

Countrywide Home Loans, Inc.
c/o Registered Agent
Prentice Hall Corporation System
701 Brazos Street, Suite 1050
Austin, TX  78701

Countrywide Insurance Services, Inc.
c/o Registered Agent
Corporation Service Company
701 Brazos St., Suite 1050
Austin, TX  78701

Discover Financial Services, Inc.
c/o Registered Agent
CT Corporation System
350 N. St. Paul
Dallas, TX  75201

Jeffery N. Lüthi
Clerk of the Panel
October 24, 2007
Page 5

> Discover Bank
> c/o Registered Agent
> 100 West Market
> P.O. Box C
> Greenwood, DE 19950
>
> GMAC Mortgage L.L.C.
> c/o Registered Agent
> Corporation Service Company
> d/b/a CSC-Lawyers Inco
> 701 Brazos St., Suite 1050
> Austin, TX 78701
>
> GMAC Insurance Marketing, Inc.
> c/o Registered Agent
> CT Corporation System
> 350 St. Paul St.
> Dallas, TX 75201
>
> GMAC Bank
> c/o Registered Agent
> Corporation Service Company
> d/b/a CSC-Lawyers Inco
> 701 Brazos St., Suite 1050
> Austin, TX 78701
>
> Liberty Life Insurance Company
> c/o Registered Agent
> R. David Black
> 2000 Wade Hampton Blvd.
> Greenville, SC 29615
>
> Response Worldwide Insurance Company
> 500 S. Broad Street
> Meriden, CT 06450
>
> Direct Response Corporation
> c/o Registered Agent
> Corporation Service Company
> 2711 Centerville Road, Suite 400
> Wilmington, DE 19808

Jeffery N. Lüthi
Clerk of the Panel
October 24, 2007
Page 6

Warner Insurance Company
c/o Registered Agent
CT Corporation System
350 N. St. Paul St.
Dallas, TX 75201

State Farm Mutual Automobile Insurance Company
c/o Registered Agent
Jerry B. Jensen
8900 Amberglen Blvd.
Austin, TX 78729-1110

State Farm Bank, F.S.B.
1 State Farm Plaza
c/o Corp Tax D-3
Bloomington, IL 61710-0001

07 - 6 4 9 JJF

FILED
2007 OCT 30 AM 10:01
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

**In re LPL AND PHOENIX LICENSING**          §
**PATENTS LITIGATION**                        §          MDL - _____
                                              §
                                              §

## SCHEDULE OF ACTIONS

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** State Farm Mutual Automobile Insurance Company **Defendants:** LPL Licensing, L.L.C.; Phoenix Licensing, L.L.C. | D. Arizona, Phoenix Div. | No. 2:07-cv-01329-MHM | Mary H. Murguia |
| **Plaintiff:** State Farm Bank, F.S.B. **Defendants:** LPL Licensing, L.L.C.; Phoenix Licensing, L.L.C. | D. Arizona, Phoenix Div. | 2:07-cv-01895-HRH | H. Russel Holland |
| **Plaintiff:** United Services Automobile Association, a reciprocal inter insurance exchange **Defendants:** LPL Licensing, L.L.C., a Delaware Limited Liability Company; Phoenix Licensing, L.L.C., an Arizona Limited Liability Company | D. Arizona, Phoenix Div. | 2:07-cv-01968-FJM | Frederick J. Martone |
| **Plaintiff:** Citicorp Credit Services, Inc. **Defendants:** LPL Licensing, L.L.C.; Phoenix Licensing, L.L.C. | D. Delaware | 1:07-cv-00649-UNA | Not Yet Assigned |

| Plaintiff:<br>Discover Products, Inc., a Utah corporation<br>**Defendants:**<br>LPL Licensing, L.L.C., a Delaware limited liability company; Phoenix Licensing, L.L.C., an Arizona limited liability company | N.D. Illinois, Eastern Division | 1:07-cv-05776 | James Moran |
|---|---|---|---|
| **Plaintiffs:**<br>Phoenix Licensing, L.L.C., an Arizona Limited Liability Company; LPL Licensing, L.L.C., a Delaware Limited Liability Company<br>**Defendants:**<br>Chase Manhattan Mortgage Corporation, a New Jersey corporation; JP Morgan Chase Bank, N.A., a Delaware corporation; Citibank, N.A., a national bank association; Citibank USA, N.A., a limited purpose credit card bank; Citibank (South Dakota), N.A., a limited purpose credit card bank; CitiMortgage, Inc., a New York corporation; Citigroup, Inc., a Delaware corporation; Citi Assurance Services, Inc., a Maryland corporation; Countrywide Home Loans, Inc., a New York corporation; Countrywide Insurance Services, Inc., a California corporation; Discover Financial Services, Inc., a Delaware corporation; Discover Bank, a Delaware corporation; GMAC Mortgage, L.L.C. (f/k/a GMAC Mortgage Corporation), a Delaware corporation; GMAC Insurance Marketing, Inc., a Missouri corporation; GMAC Bank, a Utah industrial loan corporation; Liberty Life Insurance Company, a South Carolina corporation; Response Worldwide Insurance Company, an Ohio corporation; Direct Response Corporation, a Delaware corporation; Warner Insurance Company, a Illinois corporation; State Farm Mutual Automobile Insurance Company, a Illinois corporation; State Farm Bank, F.S.B., a Federal Savings Association; USAA Federal Savings Bank, a Federal Savings Bank; USAA Savings Bank, a Nevada corporation Life Insurance Company | E.D. Texas, Marshall Division | 2:07-cv-00387 TJW-CE | T. John Ward |

Respectfully submitted,

EDWIN R. DEYOUNG
  Texas State Bar No. 05673000
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR CITIBANK, N.A., CITIBANK USA, N.A., CITIBANK (SOUTH DAKOTA), N.A., CITIMORTGAGE, INC., CITIGROUP, INC., CITI ASSURANCE SERVICES, INC., AND CITICORP CREDIT SERVICES, INC.**

DALLAS: 0100183.00009: 1634776v2

7 - 6 4 9 JJF



2007 OCT 30 AM 10: 02

**BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In re LPL AND PHOENIX LICENSING    §
PATENTS LITIGATION                             §    MDL - _____
                                                          §**

**CITI PARTIES' MOTION
TO CONSOLIDATE AND TRANSFER UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407, Citibank, N.A., Citibank USA, N.A., Citibank (South Dakota), N.A., CitiMortgage, Inc., Citigroup, Inc., Citi Assurance Services, Inc., and Citicorp Credit Services, Inc. respectfully request the Panel transfer the actions identified on the accompanying Schedule of Actions to the United States District Court for the District of Delaware for consolidated pretrial proceedings. Alternatively, Citi requests that the cases be transferred to the Northern District of Illinios, Eastern Division or the District of Arizona, Phoenix Division for consolidated pretrial proceedings. The factual and legal bases for this Motion are set forth in the accompanying Brief in Support.

Dated: October 24, 2007.

Respectfully submitted,

_____
EDWIN R. DEYOUNG
  Texas State Bar No. 05673000
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR CITIBANK, N.A.,
CITIBANK USA, N.A., CITIBANK (SOUTH
DAKOTA), N.A., CITIMORTGAGE, INC.,
CITIGROUP, INC., CITI ASSURANCE
SERVICES, INC., AND CITICORP CREDIT
SERVICES, INC.**

JJF

2007 OCT 30  AM 10:02

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re LPL AND PHOENIX LICENSING   §
PATENTS LITIGATION                 §    MDL - _____
                                    §

## CITI PARTIES' BRIEF IN SUPPORT OF
## THEIR MOTION TO CONSOLIDATE AND TRANSFER UNDER 28 U.S.C. § 1407

Respectfully submitted,


EDWIN R. DEYOUNG
  Texas State Bar No. 05673000
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR CITIBANK, N.A., CITIBANK USA, N.A., CITIBANK (SOUTH DAKOTA), N.A., CITIMORTGAGE, INC., CITIGROUP, INC., CITI ASSURANCE SERVICES, INC., AND CITICORP CREDIT SERVICES, INC.**

# **TABLE OF CONTENTS**

Page

I.     SUMMARY ...........................................................................................................................1

II.    FACTS .................................................................................................................................3

III.   ARGUMENT .........................................................................................................................4

     A.    The Patent Cases involve common issues of fact. .....................................................5

     B.    Consolidation will serve the convenience of the parties and witnesses....................8

     C.    Consolidation will promote the just and efficient conduct of the actions................9

     D.    The District of Delaware provides the most convenient forum. ...............................9

IV.    CONCLUSION ....................................................................................................................11

**BEFORE THE**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **In re LPL AND PHOENIX LICENSING** | § | |
| **PATENTS LITIGATION** | § | MDL - _____ |
| | § | |

**CITI PARTIES' BRIEF IN SUPPORT OF**
**THEIR MOTION TO CONSOLIDATE AND TRANSFER UNDER 28 U.S.C. § 1407**

Citibank, N.A., Citibank USA, N.A., Citibank (South Dakota), N.A., CitiMortgage, Inc., Citigroup, Inc., Citi Assurance Services, Inc., and Citicorp Credit Services, Inc. (collectively, "Citi") file this Brief in Support of their Motion to Consolidate and Transfer under 28 U.S.C. § 1407 (the "Motion"), and would respectfully show as follows:

**I.**
**SUMMARY**

Six related patent lawsuits (the "Patent Cases") have been recently filed in four different district courts in four different states: (1) one case in the District of Delaware; (2) one case in the Northern District of Illinois (Eastern Division); (3) three cases in the District of Arizona (Phoenix Division); and (4) one case in the Eastern District of Texas (Marshall Division). The Patent Cases involve similar factual issues and causes of action arising from three U.S. Patents that involve apparatuses and methods for transacting, marketing, and selling financial products (the "Patents"). Discovery has not yet commenced in any of the Patent Cases, nor have any rulings been made regarding any of the common legal and factual issues.

As this Panel has repeatedly held, related patent cases such as those at issue here are appropriate for consolidation and transfer under 28 U.S.C. § 1407 because of the overlapping issues involving claim construction, patent validity, and infringement. *See, e.g., In re Desloratadine Patent Litig.*, MDL No. 1851; *In re Rembrandt Technologies, LP, Patent Litig.*, MDL No. 1848; *In re Katz Interactive Call Processing Patent Litig.*, MDL No. 1816; *In re Acacia Media Technologies Corp. Patent Litig.*, MDL No. 1665; *In re Rivastigmine Patent Litig.*, MDL No. 1661; *In re PharmaStem Therapeutics, Inc., Patent Litig.*, MDL No. 1660; *In re Compression Labs, Inc., Patent Litig.*, MDL No. 1654; *In re Cygnus Telecommunications Technology, LLC, Patent Litig.;* MDL No. 1423; and *In re Gabapentin Patent Litig.*, MDL No. 1384.

With respect to the venue of the MDL proceeding, Citi believes that the District Court of Delaware would be the most appropriate transferee district.  This Panel has repeatedly recognized that court as being well suited to handle multi-party patent litigation of this nature due to the experience, resources and location of the court. *See, e.g., In re Pharmastem Therapeutics, Inc. Patent Litig.*, MDL No. 1660; *In re Rembrandt Technologies, LP, Patent Litig.*, MDL No. 1848. Moreover, many of the principal parties involved in the Patent Cases are Delaware corporations or LLCs (including the entity that purports to own the exclusive licensing rights to the Patents, LPL Licensing L.L.C.), and many of the parties also have major offices located along the East Coast.

Alternatively, as discussed more fully below, the district courts in the Northern District of Illinois and the District of Arizona would be the second and third most appropriate transferee districts, respectively, but the Eastern District of Texas would not be appropriate.  While at least some of the parties and transactions that are the subject of the Patent Cases have a significant

nexus with Chicago and Phoenix, none of them have a nexus with Marshall, which is located in an inconvenient venue and which is backlogged due to a flood of patent cases that have been recently filed there.

## II.
## FACTS

1.     The six Patent Cases identified in the accompanying Schedule of Actions are pending in federal courts located in the District of Delaware, the Northern District of Illinois, the District of Arizona, and the Eastern District of Texas. Each of these cases alleges claims related to the validity and/or infringement of the Patents. Phoenix Licensing L.L.C. ("Phoenix Licensing") purports to own the Patents, and LPL Licensing, L.L.C. ("LPL Licensing") purports to be the exclusive licensee of the Patents.

2.     The Patent Cases all contain allegations related to the validity of the Patents and/or to whether any parties have infringed the Patents. Citi and others strenuously deny the validity of the Patents and that they have infringed the Patents.

3.     Although each of the cases at issue involves some important individualized issues, each case also involves several common issues that will inevitably be the subject of duplicative discovery and which could result in inconsistent pretrial rulings. These common questions include:

>    a.     the validity of the Patents, including secondary considerations of obviousness, the level of ordinary skill in the art, and possible activities by the patentee or its predecessors that may have barred the Patents;

>    b.     whether similar alleged devices infringe on the Patents;

>    c.     the identification of the relevant prior art for each of the Patents, including other U.S. patent references, foreign patent references, publications and public uses of accused and related systems prior to the filing date;

3

d.   the construction of the total 502 claims that have been asserted by Phoenix Licensing and LPL Licensing, which must be construed by the court;

e.   whether potential inequitable conduct may have occurred during prosecution of the patents, including common facts regarding what prior art was known to the patentee and it attorneys at the time of prosecution, whether it was disclosed to the United States Patent and Trademark Office, and how the patentee/attorneys characterized the prior art, if disclosed;

f.   common issues related to laches, estoppel and acquiescence; and

g.   common evidence and factors relevant to the determination of reasonable royalties.

4.   Seven of the parties involved in the Patent Cases are companies organized in Delaware. These companies include: LPL Licensing; Citigroup, Inc.; Citicorp Credit Services, Inc.; Discover Financial Services, Inc.; Discover Bank; GMAC Mortgage, L.L.C.; and Direct Response Corporation.

5.   Five of the parties involved in the Patent Cases have their principal place of business in Illinois or are organized under Illinois law. These parties include: State Farm Mutual Automobile Insurance Company; State Farm Bank, F.S.B.; Discover Products, Inc.; DFS Services LLC; and Warner Insurance Corporation.

6.   The purported owner of the Patents, Phoenix Licensing, and the purported exclusive licensee, LPL Licensing, have their principal place of business in Arizona.

7.   None of the parties have their principal place of business in the Eastern District of Texas or anywhere near Marshall, Texas.

## III.
## ARGUMENT

It is well settled that this Panel may transfer civil actions pending in different districts to a single court for consolidated pretrial proceedings when: (i) the actions involve "one or more

common questions of fact;" (ii) consolidation and transfer of the actions "will be for the convenience of the parties and witnesses;" and (iii) consolidation and transfer of the actions "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. As set forth below, each of these criteria is satisfied in the instant case, and the United States District Court for the District of Delaware would be the most appropriate transferee forum. Alternatively, the district courts in Chicago, Illinois and Phoenix, Arizona would be the second and third most appropriate transferee forums, respectively.

## A.    The Patent Cases involve common issues of fact.

The first prerequisite, that there be one or more common issues of fact, is satisfied in this case. All of the cases commonly complain about the validity and/or invalidity of the Patents, and about whether certain parties have infringed the Patents. The Panel has regularly consolidated such allegations for pre-trial handling and consideration in similar cases. *See supra* p. 2 (citing examples); *see also In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, at 1165 (J.P.M.L. 1976) (holding that litigation concerning the validity of a single patent involved common questions of fact with other litigation involving the validity of that same patent); *In re Joseph F. Smith Patent Litig.*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976) (common questions of fact sufficient for 1407 transfer arose in different cases where the issues were the validity of a patent and alleged infringing devices that were similar in the various cases); *In re Triax Company Patent Litig.*, 385 F. Supp. 590, 591-92 (J.P.M.L. 1974) (same).

While Citi strenuously denies any infringement of the Patents, the claims of infringement and claims against the validity of the Patents do give rise to a common factual issues, which will undoubtedly be the subject of common discovery and pretrial rulings.

For example, the parties will need to identify the relevant prior art for each of the Patents, including other US patent references, foreign patent references, publications, and public uses of

accused and related systems prior to filing date. The universe of relevant prior art is determined by the filing date and content of each patent and is identical across the Patent Cases and accused infringers. Many prior art issues and disputes will overlap among the Patent Cases.

Additionally, the Patents include a total of 502 claims, all of which have been asserted by Phoenix Licensing and LPL Licensing against the other parties in the Patent Cases. Therefore all 502 claims will need to be construed. While the Patents themselves and the prosecution histories will be relevant to these determinations, extrinsic evidence may also be considered, which will require significant discovery regarding the proper meaning of claim terms. Such evidence may include publications contemporaneous with the patent applications discussing or using terminology appearing in the claims; relevant technical treatises; and any public position on claim meaning taken by the patentee (including in related foreign patent prosecution).

The claims are to be interpreted as they would be understood by one of "ordinary skill in the art" at the time of the applications. This generally involves expert testimony and discovery regarding such understanding. After this discovery, the disputed claim construction issues will have to be briefed by the parties and decided by the courts. Since claim construction is to be determined without reference to the accused products, the issues will be identical across the Patent Cases.

Discovery regarding other invalidity issues will likely be conducted, including: secondary considerations of obviousness (such as commercial success and long-felt need), the level of ordinary skill in the art, and possible activities by LPL and Phoenix Licensing or their predecessors (such as offers for sale or public disclosures more than one year before filing the patent applications) that may have barred the Patents.

6

Many of the allegedly infringing products and services are likely similar with respect to the patent claims.  The parties in each of the Patent Cases expect to each receive similar discovery requests from LPL and Phoenix Licensing and, accordingly, will be involved in similar disputes regarding burden, confidentiality and privilege.

Moreover, the parties in each of the Patent Cases will likely seek similar discovery from LPL and Phoenix Licensing.  The parties will also likely advance similar arguments regarding potential inequitable conduct that may have occurred during prosecution of the Patents.  This will involve discovery regarding what prior art was known to LPL and Phoenix Licensing and their attorneys at the time of prosecution, whether it was disclosed to the United States Patent and Trademark Office and how the prior art was characterized, if disclosed.

Because the earliest of the Patents was issued in 1999, yet LPL and Phoenix Licensing only recently filed suit, such delay also presents significant laches, estoppel and acquiescence issues which must be explored and argued in each of the Patent Cases.  These issues are expected to be common in all the Patent Cases.

Finally, if LPL and Phoenix Licensing survive invalidity and unenforceability challenges, the courts may be called upon to determine a reasonable royalty.  Therefore, discovery regarding the evidence and factors relevant to that determination will be the same across all the Patent Cases.

The claims alleged here are analogous to those in *In re Triax Company Patent Litig.*, 385 F. Supp. 590, 591-92 (J.P.M.L. 1974).  Notwithstanding that the claims involved "unique infringement issues," the Panel recognized that all the actions shared "significant common factual questions . . . regarding the validity of these patents." *Id.* at 591.  The Panel further recognized that "[i]f pretrial proceedings in each action are neither coordinated nor consolidated,

inconsistent pretrial rulings and unnecessary duplication of discovery might result." *Id.* Based on these facts, the Panel consolidated and transferred the various actions under Section 1407.

Similarly, as demonstrated by the significant number of common factual questions in this case, the Panel should also consolidate and transfer the Patent Cases as requested herein.

## B.    Consolidation will serve the convenience of the parties and witnesses.

Consolidation of the Patent Cases will serve the convenience of the parties and the witnesses by eliminating duplicative discovery. *See In re Cenco Inc. Securities Litigation*, 434 F. Supp. 1237, 1239 (J.P.M.L. 1977) (stating that consolidation would "ensure the prevention of duplicative discovery . . . and thereby best promote the just and expeditious termination of this litigation"). Due to the large number of common factual and legal issues, a tremendous amount of overlap and duplicative discovery is likely to occur in the Patent Cases.

For example, as described in Part III.A., *supra*, the parties in the various Patent Cases will likely attempt multiple depositions of the same witnesses on essentially the same topics. However, it would be wasteful and unduly harassing to allow witness after witness to be deposed in case after case on substantially the same issues. Similarly, repetitive and overlapping written discovery will be required absent consolidation.

Considering the nature of the claims in the Patent Cases, potentially thousands of the same documents will likely be requested in all the cases, and several similar discovery disputes are likely to arise. It would be extremely inconvenient and wasteful to repeatedly relitigate the same discovery issues and objections before different judges in different districts across the country. Consolidation of the cases would virtually eliminate this duplicative discovery (and the duplicative discovery disputes), thus serving the convenience of the parties and witnesses.

8

**C.   Consolidation will promote the just and efficient conduct of the actions.**

Consolidation of the Patent Cases is appropriate because it will also promote the efficient and consistent conduct of the actions. It will: enable an efficient and consistent resolution of the many pretrial issues that these cases have in common with each other; avoid having multiple courts resolve many of the same legal issues based upon similar factual backgrounds; eliminate the need for multiple courts to resolve the same discovery disputes; and prevent duplicative discovery and depositions of the same witnesses. In short, consolidation and coordination pursuant to 28 U.S.C. § 1407 will provide the most feasible means of managing all the Patent Cases. Hence, it will be in the interests of judicial economy and efficiency to have the Patent Cases resolved in a single MDL proceeding.

These cases are likely to involve many similar legal and dispositive issues that can be better addressed by a single judge in a consolidated MDL proceeding. It is probable that Citi will file motions for summary judgment involving similar issues in the cases in the two Patent Cases in which it is involved. Similarly, it is likely that other issues and non-dispositive motions will be common to these cases. Thus, rather than having four separate courts become familiar with the same or similar sets of facts and corporate background, it would be more efficient to consolidate this matter before one court. Furthermore, it will prevent the possibility of inconsistent rulings on the same issues. *See In re First National Bank, Heavner, Oklahoma Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (consolidation ordered to "eliminate the possibility of inconsistent pretrial rulings").

**D.   The District of Delaware provides the most convenient forum.**

Citi believes that the District Court of Delaware would be the most appropriate transferee court to handle the Patent Cases. This litigation involves a commercial patent dispute among

corporate entities. Many of the primary litigants are Delaware corporations or other commercial entities organized under Delaware law, including:

a.   LPL Licensing, which purports to own the exclusive rights to license the Patents;

b.   Citigroup, Inc.;

c.   Citicorp Credit Services, Inc.;

d.   Discover Financial Services, Inc.;

e.   Discover Bank;

f.   GMAC Mortgage, LLC; and

g.   Direct Response Corporation.

This Panel has previously recognized, and Citi agrees, that the District Court of Delaware is well-suited to handle litigation of this nature and is conveniently located near major metropolitan airports and business centers. *See supra* p. 2 (citing cases).

Alternatively, the district courts in Chicago and Phoenix would also be appropriate transferee courts. Chicago has the advantage of being centrally located in a major metropolitan area and financial center. Moreover, several of the parties have their principal places of business in Illinois or are otherwise organized under Illinois law. These companies include:

a.   State Farm Mutual Automobile Insurance Company;

b.   State Farm Bank, F.S.B.

c.   Warner Insurance Corporation;

d.   Discover Products, Inc.; and

e.   Discover Financial Services, Inc.

Phoenix, Arizona would also be a potential transferee venue because the alleged owner of the Patents, Phoenix Licensing, and the alleged exclusive licensee of the Patents, LPL Licensing,

both have their principal place of business there. Additionally, three of the six Patent Cases are already pending there, including the first filed Patent Case.

The district court in Marshall, Texas, in contrast, would not be an appropriate transferee court because it does not have a significant nexus to any of the parties or the common issues in the Patent Cases. None of the parties have their principal offices in the Eastern District of Texas, and some have no office at all in the state of Texas. To the extent any of the parties do have a corporate office in the state, the closest such office is in the Dallas/Fort Worth area, which is a 150-mile drive from Marshall. Moreover, the court in Marshall is currently backlogged with a flood of patent cases that have been recently filed in the Eastern District of Texas, and Marshall is not located in a major metropolitan area. On the contrary, Marshall is a small town in eastern Texas that is over 150 miles from the nearest major airport in Dallas/Fort Worth. Although LPL and Phoenix Licensing have chosen to file a lawsuit there for apparent tactical reasons, none of the parties has a significant presence there, and LPL and Phoenix Licensing only filed suit there after first being sued in their own home state of Arizona by State Farm Mutual.

## IV. 
## CONCLUSION

The six Patent Cases that are currently pending in four different jurisdictions across the country involve common and complex issues of fact. Principles of efficiency and convenience dictate that they be consolidated for pretrial proceedings. The United States District Court for the District of Delaware would provide the most appropriate forum for such pretrial proceedings, and the district courts in Chicago and Phoenix would provide the second and third most appropriate alternatives, respectively. The Eastern District of Texas has no significant nexus to the parties or the common issues, so it would not provide an appropriate forum.

11

WHEREFORE, PREMISES CONSIDERED, Citi respectfully requests that its Motion to Consolidate and Transfer under 28 U.S.C. § 1407 be granted, and that it be awarded such other and further relief to which it may be justly entitled.

Dated:  October 24, 2007.

Respectfully submitted,

*Edwin R. DeYoung*

EDWIN R. DEYOUNG
 Texas State Bar No. 05673000
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR CITIBANK, N.A., CITIBANK USA, N.A., CITIBANK (SOUTH DAKOTA), N.A., CITIMORTGAGE, INC., CITIGROUP, INC., CITI ASSURANCE SERVICES, INC., AND CITICORP CREDIT SERVICES, INC.**

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re LPL AND PHOENIX LICENSING     §
PATENTS LITIGATION                  §    MDL - _____
                                    §

## PROOF OF SERVICE

I hereby certify that copies of the Citi Parties' (1) Motion to Consolidate and Transfer

Under 28 U.S.C. § 1407; (2) Brief in Support of Motion to Consolidate and Transfer Under

28 U.S.C. § 1407; (3) Schedule of Actions; and (4) this Proof of Service were served by first

class mail on October 24, 2007 to the following:

Clerk, District of Arizona (Phoenix)
Sandra Day O'Connor US Courthouse
401 W. Washington Street, Suite 130, SPC 1
Phoenix, AZ 85003-2118

Clerk, District of Delaware (Wilmington)
844 N. King Street, LB 18
Wilmington, DE 19801

Clerk, Northern District of Illinois (Chicago)
Everett McKinley Dirksen Building
219 S. Dearborn Street
Chicago, IL 60604

Clerk, Eastern District of Texas (Marshall)
100 E. Houston Street, Room 125
Marshall, TX 75670

R. William Beard, Jr., Esq.
Baker & Botts LLP
98 San Jacinto Blvd, Suite 1500
Austin, TX 78701-4078

> **Counsel for Plaintiff:  State Farm Mutual Automobile Insurance Company**;
> *State Farm Mutual Automobile Insurance Company v. LPL Licensing, et al.*;
> District of Arizona (Phoenix), CA No. 2:07-cv-01329-MHM

Ray Kendall Harris, Esq.
Fennemore Craig PC
3003 N. Central Ave., Suite 2600
Phoenix, AZ 85012-2913

> **Counsel for Plaintiff:**
> (1) **State Farm Mutual Automobile Insurance Company**; *State Farm Mutual
>     Automobile Insurance Company v. LPL Licensing, et al.*; District of Arizona
>     (Phoenix), CA No. 2:07-cv-01329-MHM
> (2) **State Farm Bank, F.S.B.**; *State Farm Bank, F.S.B. v. LPL Licensing,
>     L.L.C., et al.;* District of Arizona (Phoenix), CA No. 2:07-cv-01895-HRH

Gregory Scott Dovel, Esq.
Sean Aaron Luner, Esq.
Dovel & Luner
201 Santa Monica Blvd, Suite 600
Santa Monica, CA 90401

> **Counsel for Plaintiffs:  Phoenix Licensing L.L.C. and LPL Licensing, L.L.C.**;
> *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern
> District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE
> **Counsel for Defendants:  LPL Licensing, L.L.C. and Phoenix Licensing,
> L.L.C.;** *State Farm Mutual Automobile Insurance Company v. LPL Licensing, et
> al.*; District of Arizona (Phoenix), CA No. 2:07-cv-01329-MHM

Mark M. Deatherage, Esq.
Gallagher & Kennedy PA
2575 E. Camelback Rd., Suite 1100
Phoenix, AZ 85016-9225

> **Counsel for Defendants:  LPL Licensing, L.L.C. and Phoenix Licensing,
> L.L.C.;** *State Farm Mutual Automobile Insurance Company v. LPL Licensing, et
> al.*; District of Arizona (Phoenix), CA No. 2:07-cv-01329-MHM

LPL Licensing, L.L.C.
10947 East Lillian Lane
Scottsdale, AZ 85255
  (a) **Defendant:** *State Farm Bank, F.S.B. v. LPL Licensing, L.L.C., et al.;* District
      of Arizona (Phoenix), CA No. 2:07-cv-01895-HRH
  (b) **Defendant:** *United Services Automobile Association v. LPL Licensing,
      L.L.C., et al.;* District of Arizona (Phoenix), CA No. 2:07-cv-01968-FJM
  (c) **Defendant:** *Citicorp Credit Services Inc. v. LPL Licensing, L.L.C., et al.;*
      District of Delaware (Wilmington), CA No. 1:07-cv-00649-UNA
  (d) **Defendant:** *Discover Products, Inc. v. Phoenix Licensing, L.L.C., et al.;*
      Northern District of Illinois (Chicago), CA No. 1:07-cv-05776

Phoenix Licensing, L.L.C.
10947 East Lillian Lane
Scottsdale, AZ 85255
  (a) **Defendant:** *State Farm Bank, F.S.B. v. LPL Licensing, L.L.C., et al.;* District
      of Arizona (Phoenix), CA No. 2:07-cv-01895-HRH
  (b) **Defendant:** *United Services Automobile Association v. LPL Licensing,
      L.L.C., et al.;* District of Arizona (Phoenix), CA No. 2:07-cv-01968-FJM
  (c) **Defendant:** *Citicorp Credit Services Inc. v. LPL Licensing, L.L.C., et al.;*
      District of Delaware (Wilmington), CA No. 1:07-cv-00649-UNA
  (d) **Defendant:** *Discover Products, Inc. v. Phoenix Licensing, L.L.C., et al.;*
      Northern District of Illinois (Chicago), CA No. 1:07-cv-05776

Brett L. Dunkelman, Esq.
Osborn Maledon PA
P.O. Box 36379
Phoenix, AZ 85012-6379
  **Counsel for Plaintiff:   United Services Automobile Association;** *United
  Services Automobile Association v. LPL Licensing, L.L.C., et al.;* District of
  Arizona (Phoenix), CA No. 2:07-cv-01968-FJM

Jose J. Patino, Esq.
Morrison & Foerster LLP
12531 High Bluff Dr., Suite 1200
San Diego, CA 92130-2040
  **Counsel for Plaintiff:   United Services Automobile Association;** *United
  Services Automobile Association v. LPL Licensing, L.L.C., et al.;* District of
  Arizona (Phoenix), CA No. 2:07-cv-01968-FJM
  **Counsel for Defendants: USAA Federal Savings Bank and USAA Savings
  Bank**; *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*;
  Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Maureen Beyers, Esq.
Osborn Maledon PA
2929 N. Central Ave
Phoenix, AZ 85012-2794

> **Counsel for Plaintiff:    United Services Automobile Association;** *United Services Automobile Association v. LPL Licensing, L.L.C., et al.;* District of Arizona (Phoenix), CA No. 2:07-cv-01968-FJM

Rachel Krevans, Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482

> **Counsel for Plaintiff:    United Services Automobile Association;** *United Services Automobile Association v. LPL Licensing, L.L.C., et al.;* District of Arizona (Phoenix), CA No. 2:07-cv-01968-FJM

Rodger Dallery Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899

> **Counsel for Plaintiff:  Citicorp Credit Services, Inc.;** *Citicorp Credit Services Inc. v. LPL Licensing, L.L.C., et al.;* District of Delaware (Wilmington), CA No. 1:07-cv-00649-UNA

Donald Joseph Mizerk, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

> **Counsel for Plaintiff:    Discover Products, Inc.;** *Discover Products, Inc. v. Phoenix Licensing, L.L.C., et al.;* Northern District of Illinois (Chicago), CA No. 1:07-cv-05776

Elizabeth L. DeRieux, Esq.
Sidney Calvin Capshaw, III, Esq.
Brown McCarroll
1127 Judson Rd., Suite 220
P.O. Box 3999
Longview, TX 75606-3999

> **Counsel for Plaintiffs:  Phoenix Licensing L.L.C. and LPL Licensing, L.L.C.;** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Chase Manhattan Mortgage Corporation
c/o Registered Agent
CT Corporation System
350 N. St. Paul St.
Dallas, TX 75201
>   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

JP Morgan Chase Bank, N.A.
c/o Registered Agent
CT Corporation System
350 North St. Paul St.
Dallas, TX 75201
>   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Countrywide Home Loans, Inc.
c/o Registered Agent
Prentice Hall Corporation System
701 Brazos Street, Suite 1050
Austin, TX 78701
>   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Countrywide Insurance Services, Inc.
c/o Registered Agent
Corporation Service Company
701 Brazos St., Suite 1050
Austin, TX 78701
>   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Discover Financial Services, Inc.
c/o Registered Agent
CT Corporation System
350 N. St. Paul
Dallas, TX 75201
>   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Discover Bank
c/o Registered Agent
100 West Market
P.O. Box C
Greenwood, DE 19950
> **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

GMAC Mortgage L.L.C.
c/o Registered Agent
Corporation Service Company
d/b/a CSC-Lawyers Inco
701 Brazos St., Suite 1050
Austin, TX 78701
> **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

GMAC Insurance Marketing, Inc.
c/o Registered Agent
CT Corporation System
350 St. Paul St.
Dallas, TX 75201
> **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

GMAC Bank
c/o Registered Agent
Corporation Service Company
d/b/a CSC-Lawyers Inco
701 Brazos St., Suite 1050
Austin, TX 78701
> **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Liberty Life Insurance Company
c/o Registered Agent
R. David Black
2000 Wade Hampton Blvd.
Greenville, SC 29615
> **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Response Worldwide Insurance Company
500 S. Broad Street
Meriden, CT 06450
   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Direct Response Corporation
c/o Registered Agent
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808
   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Warner Insurance Company
c/o Registered Agent
CT Corporation System
350 N. St. Paul St.
Dallas, TX 75201
   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

State Farm Mutual Automobile Insurance Company
c/o Registered Agent
Jerry B. Jensen
8900 Amberglen Blvd.
Austin, TX 78729-1110
   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

State Farm Bank, F.S.B.
1 State Farm Plaza
c/o Corp Tax D-3
Bloomington, IL 61710-0001
   **Defendant:** *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage, et al.*; Eastern District of Texas (Marshall), CA No. 2:07-cv-11387-TJW-CE

Dated:  October 24, 2007.

Respectfully submitted,

*Edwin R. DeYoung*

EDWIN R. DEYOUNG
 Texas State Bar No. 05673000
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

**ATTORNEYS FOR CITIBANK, N.A., CITIBANK USA, N.A., CITIBANK (SOUTH DAKOTA), N.A., CITIMORTGAGE, INC., CITIGROUP, INC., CITI ASSURANCE SERVICES, INC., AND CITICORP CREDIT SERVICES, INC.**



UNITED STATES POSTAL SERVICE

$ 01.82⁰
OCT 24 2007
0004217516
MAILED FROM ZIPCODE 75201

U.S.M.S.
X-RAY

LOCKE LORD BISSELL & LIDDELL, LLP
ATTORNEYS & COUNSELORS

2200 Ross Avenue
Suite 2200
Dallas, TX 75201

Clerk, District of Delaware (Wilmington)
844 N. King Street, LB 18
Wilmington, DE 19801

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 OCT 30  AM 10: 02