IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CITICORP CREDIT SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 07-649-JJF (LPS) |
| LPL LICENSING, L.L.C.; PHOENIX LICENSING, L.L.C., | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for Plaintiff
Citicorp Credit Services, Inc.*

December 20, 2007

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 1

SUMMARY OF THE ARGUMENT .................................................................................. 3

ARGUMENT ....................................................................................................................... 5

    A.    THIS CASE IS THE FIRST-FILED ACTION BETWEEN CCSI AND LPL/PHOENIX AND IS NOT SUBJECT TO DISMISSAL IN FAVOR OF THE TEXAS ACTION ......................................................................................5

        1.    First-filed rule generally ................................................................5

        2.    The Texas action was not first-filed with respect to CCSI ...........5

        3.    CCSI has objected to personal jurisdiction in Texas ...................7

        4.    CCSI was free to choose its own forum and its choice should be respected ...........................................................................................7

        5.    LPL/Phoenix is engaging in forum shopping .............................8

    B.    AN ACTUAL CONTROVERSY EXISTS REGARDING THE PATENTS ..........................................................................................................8

    C.    CONTRARY TO LPL/PHOENIX'S ASSERTIONS, THIS CASE FALLS WELL WITHIN THE PURPOSES OF THE DECLARATORY JUDGMENT ACT ..............................................................................................10

    D.    PERSONAL JURISDICTION .............................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

*Abbott Labs v. Johnson and Johnson, Inc.,* __ F. Supp. 2d __, 2007 WL4184349, *4
 (D. Del. 2007)……………………………………………………………………...……5

*Cadle, Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599 (5th Cir. 1999)……………………….7

*Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925 (3d Cir. 1941)……………...…………………..10

*E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969 (3d Cir. 1988),
 *aff'd,* 490 U.S. 1015 (1989) ..……………………………………………………………….5

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984)………..…………….11

*IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254 (3d Cir. 1998)……………………………….10

*Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)……………………………………………...10

*Kahn v. General Motors Corp.,* 889 F.2d 1078 (Fed. Cir. 1989)…………………………………8

*Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.,*
 322 F.3d 1335 (Fed. Cir. 2003) ..……………………………………………………………….5

*Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,*
 107 F.3d 1026 (3d Cir. 1997) …………………………………………………………...11

*MedImmune, Inc. v. Genentech, Inc.,* 127 S. Ct. 764, 7 (2007)…………………...…………9

*SanDisk Corp. v. STMicroelectronics NV,* 480 F.3d 1372 (Fed. Cir. 2007)………………….9

*Serco Serv. Co. v. Kelley Co.,* 51 F.3d 1037 (Fed. Cir. 1995)……………………………………7

*Time Warner Cable v. USA Video Tech.,* __ F. Supp. 2d __,
 2007 WL3196301 (D. Del. 2007)……………………………………………………….6

*Travelers Ins. Co. v. Davis,* F.2d 536 (3d Cir. 1974)……………………………………………..9

**INTRODUCTION**

This is Plaintiff Citicorp Credit Services, Inc.'s ("CCSI") Answering Brief in opposition to the Motion to Dismiss of Defendants LPL Licensing, L.L.C. ("LPL") and Phoenix Licensing, L.L.C. ("Phoenix") (collectively "LPL/Phoenix" or "Defendants").

**STATEMENT OF FACTS**

This lawsuit is one of many chapters in a dispute between LPL/Phoenix and the banking and insurance industries. Phoenix is a patent holding company. Its affiliate, LPL, is its exclusive licensee and its licensing agent. Neither LPL nor Phoenix is engaged in any business other than patent licensing. Both companies are located in a suburb of Phoenix, Arizona, and LPL is a Delaware LLC.

Among the LPL/Phoenix patent portfolio are three patents relating generally to automated systems for generating targeted advertisements: U.S. Patent Nos. 5,987,434, 6,076,072, and 6,999,938 (the "Patents"). In the months and years leading up to this litigation, Phoenix and LPL approached many of the leading companies in the banking and insurance industries and espoused very broad views concerning the scope of their Patents. Those companies included CCSI's parent company, Citigroup Inc., as well as other companies such as Discover, State Farm, USAA, Chase, and GMAC.

After a protracted period of negotiations and threats of lawsuits over the Patents, the first legal shot was fired by State Farm Mutual Automobile Insurance Company ("State Farm"), which filed a declaratory judgment action against LPL/Phoenix in the District Court of Arizona on July 10, 2007 ("State Farm Action"). State Farm sought a declaratory judgment that the Patents are invalid, and that State Farm's products and services do not infringe any valid claims of the Patents. *See generally*, Pleadings and Briefing in *State Farm v. LPL Licensing,*

*L.L.C., et al.*; No. 2:07-cv-1329-MHM; in the United States District Court for the District of Arizona.

In response to the State Farm Action, LPL/Phoenix engaged in a blatant act of forum shopping. Rather than prosecute and defend the Patents in their home state of Arizona, LPL/Phoenix traveled over 1,000 miles to a small town in east Texas named Marshall, and on August 31, 2007, sued 23 companies in the banking and insurance industry for alleged patent infringement, including Citigroup and certain affiliated companies (the "Texas Action"). Tellingly, neither LPL/Phoenix nor any of the companies they sued have offices in or anywhere near Marshall. *See generally*, Pleadings and Briefing in *Phoenix Licensing, L.L.C., et al. v. Chase Manhattan Mortgage Corporation, et al.*, No. 2:07-cv-00387-TWJ-CE; in the United States District Court for the Eastern District of Texas, Marshall Division. CCSI, the Plaintiff here, was not sued in the Texas action.

LPL/Phoenix's forum shopping confirmed their very broad view of their patent claims, and that companies in the banking and insurance industry who engaged in target marketing programs were at risk of being sued for patent infringement. The companies at risk included CCSI, which is engaged in credit card administrative support and marketing services, but which, as noted, was not named as a defendant in the Texas Action. *See* Nelson Decl., Exhibit A.

This left CCSI in a vulnerable position, believing that its services were as likely as those of the named defendants to be accused of infringement, yet not having been named as a defendant. Accordingly, under the Declaratory Judgment Act and applicable case law, CCSI filed this action seeking declaratory judgment of non-infringement and invalidity. Similar actions were filed in Illinois and Arizona by other financial services companies who, like CCSI,

were not named as defendants in the Texas Action. All of these related actions (along with the Arizona Action, Texas Action, and this action) are the subject of CCSI's pending MDL application.

Although CCSI might have been able to intervene in the Texas Action rather than filing this action, that would not have made sense because: (1) neither CCSI nor LPL/Phoenix has any offices or employees in Texas; (2) none of the events that are the subject of the parties' dispute occurred in Texas; and (3) CCSI objects to personal jurisdiction and venue in Marshall. Instead, CCSI filed the suit in this Court because: (1) LPL, which is the exclusive licensing agent and licensee of the Patents, is a Delaware LLC and subject to jurisdiction here; (2) CCSI is also a Delaware corporation whose offices in New York are located conveniently to Delaware; and (3) the Delaware courts are well-suited to resolve disputes of this nature. *See generally* Nelson Decl., Exhibit A.

LPL/Phoenix have responded to this action (as well as the other declaratory judgment actions referenced above) by: (1) amending their complaint in the Texas Action to add CCSI and the other declaratory judgment plaintiffs as defendants; and (2) moving to dismiss this action and the other declaratory judgment actions based on the first-filed rule and other jurisdictional arguments. As set forth below, LPL/Phoenix's arguments for dismissing this case should be rejected.

## SUMMARY OF THE ARGUMENT

This case should not be dismissed because of the first-filed rule or lack of a case or controversy. The first-filed rule is inapplicable because CCSI was not a party to the Texas Action prior to CCSI filing this case, thus, <u>this</u> case was the first-filed action between LPL/Phoenix and CCSI. It is also the first-filed action directed to the subject matter at issue --

i.e., the alleged infringement *by CCSI's services* of the Patents. Further, even if the first-filed rule were construed as broadly as LPL/Phoenix suggests (i.e., that the subject matter of this action is to be determined solely on the basis of Patents involved rather than the specific parties and their specific services and products), then Defendants' motion should be denied on the ground that the Texas Action is also not the first-filed action. Rather, the Arizona Action would be the first-filed action under that construction, and the Texas Action should be dismissed as improper.

Defendants' arguments regarding dismissal for lack of a case or controversy and for discretionary dismissal should also be rejected. Defendants cannot say that a case or controversy does not exist when they have amended their complaint in the Texas Action after this suit was filed to assert against CCSI the very claims this action seeks to put to rest. LPL/Phoenix gave CCSI a reasonable apprehension of suit and proceeded to sue several related entities, but not CCSI. CCSI filed this action for the purpose of resolving that apprehension, the very purpose for which the declaratory judgment act was enacted. Therefore, the Court should exercise its discretion to hear this case.

Finally, although LPL is clearly subject to personal jurisdiction in Delaware because it is a Delaware LLC, Phoenix contends that it is not subject to personal jurisdiction here. CCSI believes Phoenix is subject to personal jurisdiction in Delaware due to, among other things, its designation of LPL as its exclusive licensing agent for the Patents. However, CCSI's access to information about Phoenix's contacts with Delaware is very limited at this early stage of the litigation. Accordingly, CCSI requests that the Court allow CCSI to take limited discovery on the issue of Phoenix's personal jurisdiction before deciding it.

# ARGUMENT

A. **THIS CASE IS THE FIRST-FILED ACTION BETWEEN CCSI AND LPL/PHOENIX AND IS NOT SUBJECT TO DISMISSAL IN FAVOR OF THE TEXAS ACTION**

   1. **First-filed rule generally**

The first-filed rule is a judicially-created doctrine that "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 971 (3d Cir. 1988), *aff'd,* 490 U.S. 1015 (1989). The first-filed rule applies where "proceedings involving the same parties and issues are pending simultaneously in different federal courts." *Abbott Labs. v. Johnson and Johnson, Inc.*, ___ F. Supp. 2d ___, 2007 WL 4184349, *4 (D. Del. 2007). Under the rule, "the court which first has possession of the subject must decide it." *E.E.O.C.,* 850 F.2d at 971 (internal quotes omitted). District courts faced with competing federal lawsuits involving the same parties and claims should apply the first-filed rule except in extraordinary circumstances. *Id.* at 979.

   2. **The Texas action was not first-filed with respect to CCSI**

The first-filed rule does not warrant dismissal of the present case because this case was the first-filed action between these parties and the first-filed action involving CCSI's alleged infringement. It is undisputed that LPL/Phoenix's Original Complaint in the Texas Action did not name CCSI as a defendant. Although LPL/Phoenix has filed a First Amended Complaint adding CCSI as a defendant, that pleading was not filed until after CCSI filed this action. Therefore, this case was the first-filed action between CCSI and LPL/Phoenix.

Contrary to Phoenix/LPL's contentions, the fact that the Texas Action was filed against other defendants before CCSI filed this action does not make the Texas Action the first-filed action with respect to CCSI. Resolving issues of patent infringement requires, among other things, application of the patent claims to the ***accused products or services of each alleged***

5

*infringer*. *Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1341 (Fed. Cir. 2003). LPL/Phoenix, in turn, has not alleged that the products and/or services of CCSI are identical to those of the other defendants who were originally sued in the Texas Action. Therefore, the principal subject of this case -- i.e., whether CCSI's products or services infringe the Patents -- is different from the claims in the Original Complaint in the Texas Action, which deals with whether the products and services of other parties infringe the Patents. *See Abbott Labs.,* 2007 WL 4184349, at *4 (finding that patent infringement suit filed by patentee was a first-filed case as to a specific patent even though the defendant had filed a prior declaratory judgment action regarding related patents of patentee).

For the same reason, this case is distinguishable from *Time Warner Cable v. USA Video Tech.*, ___ F. Supp. 2d ___, 2007 WL 3196301 (D. Del. 2007), in which Magistrate Judge Thynge dismissed a declaratory judgment action filed by Time Warner Cable ("TWC"), finding that an Eastern District of Texas action was the first-filed action, even though the patentee had sued Time Warner, Inc ("TWI"), and not TWC in the Texas lawsuit. *Id.* at *1, *6. That case involved only one allegedly infringing service -- a cable system. TWI and TWC did not each offer services alleged to infringe the patent. *Id.* at *1. The patentee merely misidentified the owner of the allegedly infringing system. Because of the misidentification of parties, Judge Thynge held that the Texas court first had jurisdiction of the subject matter since the suits "share the same facts and deal with the ***same allegedly infringing products***." *Id.* at *4 (emphasis added). In contrast, LPL/Phoenix has not alleged in the Texas Action that only one product or service infringes their patents. Rather, they have alleged that the products and services of each defendant infringe the Patents, as reflected by the fact that they did not dismiss any defendants from the Texas Action when they added CCSI. Therefore, this case was first filed as to CCSI's

alleged infringement of the Patents, and should not be dismissed due to the fact that CCSI was subsequently added to the Texas Action.

### 3. CCSI has objected to personal jurisdiction in Texas

In addition to not being originally named in the Texas Action, CCSI cannot be properly joined in that action because it is not subject to personal jurisdiction in Texas. CCSI is a Delaware corporation with its principal offices in Long Island City, New York. *See* Nelson Decl., Exhibit A. CCSI provides credit card administrative support and marketing services. *Id.* Its services include the preparation of targeted mailings to credit card customers and potential customers. *Id.* CCSI has no offices or employees in the State of Texas. *Id.* CCSI asserted lack of personal jurisdiction as a defense in its recently filed Answer in the Texas Action. Because CCSI is not subject to personal jurisdiction in Texas and cannot be properly joined in the Texas Action, the first-filed rule should not require dismissal of the present action even if the Court finds that the Texas Action involves the same subject matter. *See Cadle, Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 605 (5th Cir. 1999) (substantial question regarding personal jurisdiction in first-filed court is a factor to be considered in applying the first-filed rule).

### 4. CCSI was free to choose its own forum and its choice should be respected

As discussed below, CCSI has a valid declaratory judgment cause of action against LPL/Phoenix. That cause of action was not foreclosed by LPL/Phoenix's suit in Marshall, Texas. CCSI was free to file its action in any forum of competent jurisdiction. CCSI chose to assert its claims in this court because it is convenient for CCSI, which is a Delaware corporation whose principal place of business is in New York. Additionally, LPL is a Delaware LLC and has been designated by Phoenix as its exclusive licensing agent for the Patents. Unlike the Texas Action that LPL/Phoenix filed in a foreign venue having little, if any, connection with the parties or underlying dispute, there is no valid reason to dismiss this action. CCSI's choice

7

of forum should be respected. *See Serco Serv. Co. v. Kelley Co.,* 51 F.3d 1037, 1039 (Fed. Cir. 1995) ("Instead of a general rule favoring the patentee's choice of forum, we found the first-filed rule more compatible with the purpose of the Declaratory Judgment Act to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist.") (internal quotes omitted).

        5.        **LPL/Phoenix is engaging in forum shopping**

Contrary to LPL/Phoenix's suggestions, the Texas action was not the first-filed action with respect to the Patents. The first action was the Arizona Action, a declaratory judgment action filed by State Farm on July 10, 2007. LPL and Phoenix both have their principal offices in Scottsdale, Arizona, a suburb of Phoenix. Phoenix was incorporated in Arizona. The named inventor on the patents in suit also lives in Arizona. Nonetheless, instead of fighting this dispute in the Arizona Action, which should have been convenient for LPL/Phoenix, LPL/Phoenix chose to file its own action over 1,000 miles away in Marshall, Texas. LPL/Phoenix has no apparent connection with the Eastern District of Texas. Likewise, none of the defendants are located there. Rather, it appears LPL/Phoenix chose that venue solely because of its reputation as being favorable to patent infringement plaintiffs. This constitutes forum shopping, which is a valid basis for departure from the first-filed rule, even if the rule were applicable in this action. *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (departure from first-filed rule may be appropriate "where forum shopping alone motivated the choice of sites for the first suit").

B.        **AN ACTUAL CONTROVERSY EXISTS REGARDING THE PATENTS**

Attorneys for LPL communicated with attorneys for Citigroup prior to the filing of any lawsuit relating to U.S. Patent Nos. 5,987,434, 6,076,072, and 6,999,938 ("patents at

8

issue"). The LPL attorneys communicated an extremely broad view of LPL's patent claims and contended, among other things, that marketing materials of the type prepared by CCSI were covered by their patents. *See* Nelson Decl., Exhibit A. LPL/Phoenix's filing of the Texas Action alleging infringement against over 20 companies in the banking and insurance industry, confirmed CCSI's belief that LPL held a broad view of their patents and that LPL/Phoenix would eventually sue CCSI for alleged patent infringement. *See* Nelson Decl., Exhibit A. The parties' difference of opinion on whether CCSI may engage in certain marketing activities without a license from LPL/Phoenix constitutes a justiciable controversy. *MedImmune, Inc. v. Genentech, Inc*., 127 S. Ct. 764, 771 (2007) ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); *SanDisk Corp. v. STMicroelectronics NV*, 480 F.3d 1372 (Fed. Cir. 2007) ("[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights."). Further, subsequent to CCSI filing this action, LPL/Phoenix amended its complaint in the Texas Action to allege infringement against CCSI. Although LPL/Phoenix states in the amended complaint that they are only asserting claims against CCSI in response to this action, LPL/Phoenix would not need to assert claims against CCSI at all if no controversy existed.

**C.    CONTRARY TO LPL/PHOENIX'S ASSERTIONS, THIS CASE FALLS WELL WITHIN THE PURPOSES OF THE DECLARATORY JUDGMENT ACT**

The purpose of the Declaratory Judgment Act is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued." *Travelers Ins. Co. v. Davis,* 490 F.2d 536, 543 (3d Cir. 1974) (internal quotes omitted).  That is the very purpose for which CCSI filed this action.  Based on LPL/Phoenix's actions, as discussed above, CCSI reasonably feared that LPL/Phoenix may assert the Patents against CCSI, a fear that has been proven valid by LPL/Phoenix's amended complaint in the Texas Action.  Rather than wait for LPL/Phoenix to take action, CCSI chose to file this declaratory judgment action to settle the matter before it potentially incurs additional liability in the event it is found to infringe.

LPL/Phoenix argues that the court should exercise its discretion not to hear this case because LPL/Phoenix has already filed suit against CCSI.  However, the claims against CCSI were not filed until after CCSI filed this action.  In fact, LPL/Phoenix expressly states in its First Amended Complaint in the Texas Action that "[LPL/Phoenix's] allegations against [CCSI] in this Amended Complaint are based solely on [CCSI's Complaint in this action]."  The law is well settled that the filing of a lawsuit by a declaratory judgment defendant does not render a prior-filed declaratory judgment action moot.  *See, e.g., Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).  Rather, this argument is merely a recasting of LPL/Phoenix's argument regarding the first-filed rule, which is discussed above.  Accordingly, CCSI respectfully submits that the Court should proceed to hear this case.

D. **PERSONAL JURISDICTION**

Before exercising personal jurisdiction over a defendant, a federal court must perform a two-step inquiry. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). First, the court must apply the long-arm statute of the state in which it sits and determine if it permits the exercise of personal jurisdiction. *Id.* at 259. Second, the court must apply the precepts of the Due Process Clause of the U.S. Constitution. *Id.* The Delaware long-arm statute permits the exercise of personal jurisdiction, *inter alia,* where a person "[t]ransacts any business or performs any character of work or service in the State." 10 Del. C. § 3104(c). The Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotes and citations omitted). Minimum contacts may be satisfied by either general jurisdiction or specific jurisdiction. General jurisdiction requires that a defendant have systematic and continuous contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.8 (1984). Specific jurisdiction exists when the claims arise from or relate to the contacts. *Id.* at 414-15 & n.9.

Phoenix has several contacts with Delaware related to the subject of this lawsuit that are known to CCSI: (1) it has accused several Delaware corporations, including CCSI, of infringing the Patents; (2) it has apparently entered into a long-term exclusive licensing agreement with LPL, which is a Delaware LLC; and (3) it made LPL its agent for purposes of licensing the Patents. Because these contacts are related to the subject matter of the case at bar, the contacts are sufficient to subject Phoenix to specific personal jurisdiction in Delaware.

In addition to these contacts, CCSI believes Phoenix may have additional contacts with the State of Delaware. CCSI respectfully requests that the Court allow it to take

jurisdictional discovery of Phoenix to identify any additional contacts, and to supplement its response to LPL/Phoenix's motion to dismiss prior to the court ruling on this issue. *See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.") (internal quotes and citations omitted).

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Rodger D. Smith II*
        _____
        Rodger D. Smith II (#3778)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE 19899
        (302) 658-9200
        *Attorneys for Plaintiff Citicorp Credit Services, Inc.*

December 20, 2007

1345277

**CERTIFICATE OF SERVICE**

    I, Rodger D. Smith II, hereby certify that on December 20, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

    Richard D. Kirk, Esquire
    The Bayard Firm

and that on December 20, 2007, I caused copies to be served upon the following in the manner indicated:

**BY HAND & E-MAIL**

Richard D. Kirk, Esquire
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
rkirk@bayardfirm.com

**BY E-MAIL**

Gregory Dovel, Esquire
Sean Luner, Esquire
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
greg@dovellaw.com
luner@dovellaw.com

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CITICORP CREDIT SERVICES, INC.,** § § § | |
| **Plaintiff,** § § | |
| vs. § | Case No. 07-649-JJF (LPS) |
| § | |
| **LPL LICENSING, L.L.C.; PHOENIX LICENSING, L.L.C.,** § § § § | |
| **Defendants.** § | |

### DECLARATION OF JULIE D. NELSON

I, Julie D. Nelson, declare and state as follows:

1. I am the General Counsel – Litigation for Citigroup's Global Consumer Group. I have acquired my knowledge of the facts stated below in the ordinary course of my job responsibilities.

2. Citicorp Credit Services, Inc. ("CCSI") is a Delaware corporation headquartered in Long Island City, New York. To the best of my knowledge, CCSI has no offices or employees in the State of Texas.

3. CCSI is a subsidiary of Citigroup, Inc. CCSI provides credit card administrative support and marketing services for Citibank (South Dakota), N.A., including the preparation of mailings to potential credit card customers.

4. Attorneys for LPL communicated with me and other attorneys for Citigroup prior to the filing of any lawsuit relating to U.S. Patent Nos. 5,987,434, 6,076,072, and 6,999,938 ("patents at issue"). The LPL attorneys communicated an extremely broad view of LPL's patent claims and contended, among other things, that marketing materials of the type prepared by CCSI were covered by their patents. LPL/Phoenix subsequently filed a patent infringement suit

in Marshall, Texas against over 20 companies in the banking and insurance industry, which further confirmed my belief that LPL (and now Phoenix) held a broad view of their patents and caused me to believe that LPL/Phoenix would eventually sue CCSI for alleged patent infringement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Signed this 20th day of December, 2007.

_____
Julie D. Nelson